Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000829
24-JAN-2019
07:44 AM

NO. CAAP-17-0000829

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAOHULANI MEDEIROS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-17-0000158(1)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Kaohulani Medeiros (**Medeiros**) appeals from the October 12, 2017 Judgment; Conviction and Probation Sentence; Terms and Conditions of Probation (**Judgment**), entered by the Circuit Court of the Second Circuit.[1] After pleading no contest, Medeiros was convicted of Hunting Hours, in violation of Hawai'i Administrative Rules (**HAR**) Rule § 13-123-6 (Supp. 2015), and Artificial Light Prohibited, in violation of HAR § 13-123-7 (Supp. 2015), and the Circuit Court denied Medeiros's Motion to Defer Acceptance of No Contest [[**DANC**)] Pleas (**Motion for DANC**) and sentenced Medeiros to two concurrent six-month terms of probation.

---

[1]     The Honorable Rhonda I.L. Loo presided.

Medeiros raises a single issue on appeal, arguing that the Circuit Court abused its discretion in denying Medeiros's Motion for DANC to two petty misdemeanors.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Medeiros's point of error as follows:

Hawaii Revised Statutes (**HRS**) § 853-1 (2014) provides, in relevant part:

> **§ 853-1 Deferred acceptance of guilty plea or nolo contendere plea; discharge and dismissal, expungement of records.** (a) Upon proper motion as provided by this chapter:
>
> (1) When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;
>
> (2) <u>It appears to the court that the defendant is not likely again to engage in a criminal course of conduct</u>; and
>
> (3) The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,
>
> the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.

(Emphasis added).

> The grant or denial of a motion for a DANC plea is within the discretion of the [trial] court and will not be disturbed unless there has been manifest abuse of discretion. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Klie, 116 Hawai'i 519, 521-22, 174 P.3d 358, 360-61 (2007) (citations and internal quotation marks omitted).

Here, based on the record in the case, as well as the information and argument before the Circuit Court, it did not

appear to the court that it was unlikely that Medeiros would again engage in a criminal course of conduct. See HRS § 853-1(a)(2). Although there is scant support in the record for or against this determination, we conclude that Medeiros has failed to show that the Circuit Court clearly exceeded the bounds of reason or disregarded the rules or principles of law or practice to Medeiros's substantial detriment in denying his motion for a DANC plea.

Accordingly, the Circuit Court's October 12, 2017 Judgment is affirmed.

DATED: Honolulu, Hawai'i, January 24, 2019.

On the briefs:

Hayden Aluli,
for Defendant_Appellant.

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge